UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIK RONALDO OSORTO RIVERA (A-206-247-828),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

Case No. 2:26-cv-01045 DAD-CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Erik Ronaldo Osorto Rivera (A-206-247-828), a noncitizen, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his detention without a hearing violates the Immigration and Nationality Act ("INA") and his due process rights under the Fifth Amendment. (Id. (claims one and two).) On March 25, 2026, the district court granted petitioner's motion for a preliminary injunction and released petitioner. For the following reasons, this Court recommends that the petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

(citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## II. DISCUSSION

Petitioner entered the United States as a minor in 2013. (ECF No. 1 at 1.) He was detained by ICE in Pompano Beach, Florida on March 3, 2026 while he was returning home from his job as a mechanic. (Id.) Petitioner has a three year old daughter who is a U.S. citizen. (Id. at 2.) He has no criminal history. (Id. at 1.) After his immigration detention, petitioner was transferred from Florida, to Texas, and to California. (Id. at 2.) Petitioner was not provided a bond hearing before his detention. (Id.)

On March 23, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On March 23, 2026, the district court directed respondents to respond to the motion and in its response, specify whether there are any factual or legal issues in this case that would distinguish it from the district court's prior orders in the cases identified and

to specify whether petitioner had been previously detained by immigration authorities. (ECF No. 5.) On March 24, 2026, respondents filed a response to the petition, an opposition to injunctive relief, and a motion to dismiss all respondents other than petitioner's immediate custodian. (ECF Nos. 6, 7.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225, but also acknowledged that this case does not appear to present any facts or legal arguments distinguishing it substantively from the cases identified by the district court. (ECF No. 7 at 1-2.) Respondents indicated they do not oppose converting petitioner's motion for a temporary restraining order to a motion for preliminary injunction. (Id.) On March 25, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render it distinct from the cases identified in the March 23, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction, and granted the injunction pursuant to the district court's reasoning in Quichimbo-Jimenez v. Warden, California City Correctional Center, No. 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026) and Cardenas v. Chestnut, et al., No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026). (ECF No. 8.) The district court ordered respondents to immediately release petitioner and enjoined and restrained respondents from "re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondent will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk." (Id.) The district court referred the petition and motion to dismiss to the assigned magistrate judge for further proceedings. (Id.) Petitioner was released from ICE custody on his own recognizance on March 28, 2026. (ECF No. 10.) Briefing is closed. (See Docket.)

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Therefore, respondent's argument that petitioner is an "applicant

for admission" subject to § 1225(b)(2) fails.

Given Rodriguez Vazquez and where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner was subject to § 1226(a), not § 1225(b)(2) as respondents argued (claim one), and that respondents violated petitioner's Fifth Amendment due process rights by detaining him without a hearing (claim two). See Rodriguez Vazquez, 183 F.4th 1160; ECF No. 8.

Petitioner named as respondents the Warden of the California City Correctional Center, the ICE Los Angeles Field Office Director, ICE Acting Director, Secretary of the Department of Homeland Security, and the United States Attorney General. (ECF No. 1 at 4.) Respondents filed a motion to dismiss all respondents but for petitioner's immediate custodian, Warden of the California City Correctional Center. (ECF No. 6.) In these circumstances, however, dismissal of non-custodians is inappropriate. See Osoria v Warden of the Cal. City Det. Ctr., No. 1:26-cv-01528 KES EPG, 2026 WL 747297, at *1-2 (E.D. Cal. Mar. 17, 2026), findings and recommendations adopted, 2026 WL 947105 (E.D. Cal. Apr. 8, 2026) (finding that non-custodian respondents were properly joined in a habeas petition to permit enjoining future re-detention). Accordingly, respondents' motion to dismiss should be denied.

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be granted.
2. Respondents' motion to dismiss (ECF No. 6) be denied.
3. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Erik Ronaldo Osorto Rivera (A-206-247-828) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified. Petitioner shall be allowed to have counsel present at any such

hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/rive.1045.26.frs